# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-03105-01-CR-S-MDH |
| | ) | |
| MATTHEW PAUL BROWNING, and | ) | |
| KENT TICH TRAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Matthew Paul Browning has filed a motion to dismiss Counts One, Two, Four, Six, Seven, Ten and Eleven of the Superseding Indictment. (Doc. 68). Defendant alleges these Counts should be dismissed because the statutes the government relies on its Superseding Indictment, Title 21, U.S.C., §§ 802(32)(A) and 813, are unconstitutionally vague under the Due Process clause of the United States Constitution. The government has filed suggestions in opposition (doc. 69), asserting the statutes are not unconstitutionally vague and requesting the Court to deny defendant's motion.[1]

### A. Background

Defendant has filed a motion to dismiss Counts One, Two, Four, Six, Seven, Ten and Eleven of the Superseding Indictment. Count One charges the defendant with conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349. Count Two charges the defendant with conspiracy to distribute a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that each substance was intended for human consumption as provided in 21 U.S.C. § 813, contrary to the provisions of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C), all in violation of 21 U.S.C. § 846. Counts Four, Six and Seven each charge the defendant with possession with the intent to distribute a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of 21 U.S.C. §§ 841(a)(l), and 841(b)(l)(C), and 18 U.S.C. § 2. Count Ten charges the defendant with conspiracy to commit money laundering in violation of 18

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

U.S.C. §§ 1957(a) and 1956(h). Finally, Count Eleven charges the defendant with conducting a financial transaction in excess of $10,000 with criminally derived proceeds in violation of 18 U.S.C. § 1957(a). Defendant asserts that 21 U.S.C. §§ 802(32)(A) and 813 are void for vagueness under the Due Process Clause of the Fifth Amendment. Defendant argues the vagueness in the statutes arises out of the phrase "substantially similar", which appears in 21 U.S.C. § 802(32)(A). Defendant has specifically requested an evidentiary hearing on his motion to dismiss. Defendant seeks to offer expert testimony at the pretrial hearing to dispute the findings of the government experts on whether the substances--which are the subject of the Superseding Indictment--are, in fact, illegal analogues. The government opposes the request for an evidentiary hearing. Following a review of defendant's motion together with the relevant case law, and a teleconference with counsel for the parties, the Court agrees with the government that there is no need for an evidentiary hearing on the defendant's motion to dismiss. An evidentiary hearing would be contrary to law. Whether the substances charged in the indictment are controlled substance analogues are issues of fact to be determined at trial by a jury, not in a hearing on a pretrial motion to dismiss the indictment. The trial jury will presumably hear testimony from both government and defense expert chemists. The issue of whether the substances here are illegal analogues is an issue for jury determination. The issue of whether the statutes here are unconstitutionally vague is an issue of law for Court determination. Consequently, the Court denies defendant's request for an evidentiary hearing.

Finally, defendant alleges the analogue statute charged in this case is unconstitutional because it impermissibly delegates the authority to enact penal statutes to the Executive Branch in violation of the United States Constitution. The government disagrees and cites case authority upholding the constitutionality of the statute.

### B. Standard of Review

The Eighth Circuit has set the following standard of review regarding a motion to dismiss based upon the sufficiency of an indictment:

> An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."

2

United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002)). An indictment is normally sufficient if its language tracks the statutory language. Hamling v. United States, 418 U.S. 87, 117 (1974).

### C. Legal Analysis

The Analogue Act states that "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. The Analogue Act defines the term controlled substance analogue as follows:

> Except as provided in subparagraph (C), the term "controlled substance analogue" means a substance—
>
> > (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> > (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> > (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

"Under [the Analogue Act], a drug becomes a controlled substance if it has a chemical structure substantially similar to that of a controlled substance [in schedule I or II], and either has a substantially similar effect on the user's central nervous system, or a relevant someone [e.g., a defendant] represents that it has or intends it to have such an effect." United States v. McKinney, 79 F.3d 105, 107-108 (8th Cir. 1996), vacated on unrelated grounds, 520 U.S. 1226 (1997). In McKinney, the Eighth Circuit stated "[b]ecause manufacturers of illegal drugs have become adept at tinkering with the molecular structure of [scheduled] controlled substances while retaining the effects that those substances produce, the analogue statute is aimed at prohibiting innovative drugs before they are specifically listed in the schedules as controlled substances." McKinney, 79 F.3d at 107. A requirement that the government identify and label each analogue individually before a prosecution could be pursued would essentially eviscerate

3

the analogue statute, and such an argument has been repeatedly rejected by federal courts, including the Eighth Circuit. See United States v. Washam, 312 F.3d 926, 932 (8th Cir. 2002) ("Congress did not state that distributors of analogues must be warned prior to enforcement of the statute."); United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013) ("The CSAEA does not, however, require the DEA to classify a substance as a controlled substance analogue before the substance falls under its purview.").

In addition to satisfying the definition of an analogue as set forth in 21 U.S.C. § 802(32)(A), the government must prove, at trial, that: (1) the defendants knew they were distributing (or possessing with the intent to distribute) controlled substance analogues, and (2) that the analogues were intended for human consumption. See 21 U.S.C. § 813; see also Sullivan, 714 F.3d at 1107. The Eighth Circuit has adopted the Seventh Circuit's requirement, first explained in United States v. Turcotte, that the defendant must have known that the substance(s) at issue was a controlled substance analogue. United States v. Bamberg, 478 F.3d 934, 939-40 (8th Cir. 2007) (discussing United States v. Turcotte, 405 F.3d 515 (7th Cir. 2005)); Sullivan, 714 F.3d at 1107 (8th Cir. 2013). With respect to defendants' assertion that the Analogue Act statute, 21 U.S.C. § 813, is unconstitutionally vague, the Court recognizes that "vague statutes are void" under the Fifth Amendment's guarantee that every citizen is entitled to due process. Washam, 312 F.3d at 929. The law must provide a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Therefore, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975).

"In determining whether a statute is unconstitutionally vague on the facts at hand," the Court applies a two-part test: 1) "the statute must provide adequate notice of the proscribed conduct"; and 2) "the statute must not lend itself to arbitrary enforcement." Washam, 312 F.3d at 929. Defendant's assertion that the term "substantially similar" is so vague that it renders the Analogue Act statute unconstitutionally vague is not persuasive. When considering whether the Analogue Act is impermissibly vague, the Court looks to the legal definition of a statutory term, not the scientific definition. See United States v. Brown, 279 F. Supp. 2d 1238, 1240 (S.D. Ala. 2003) ("Since the Analogue Act does not indicate that the term 'substantially similar' is to be defined as it is used scientifically, the court will interpret those words as they are used in

everyday language."). In other words, the Court looks to the words and determines if someone of common intelligence would be able to understand what conduct has been prohibited.

Defendant argues that the words "substantially similar" render the Analogue Act void for vagueness on its face, because Congress chose a lesser scienter requirement. (Doc. 68 at 3.) Defendant further argues that it "cannot be and must not be the law of the land that a statute is only vague if the prosecution's experts disagree." It appears defendant is arguing that the statute should be void for vagueness if there is lack of consensus between prosecution experts and defense experts as to whether a substance is "substantially similar".

The Eighth Circuit has rejected the argument that the phrase "substantially similar" renders the Analogue Act void for vagueness. See McKinney, 79 F.3d at 107. In McKinney, the Eighth Circuit explained that "[w]hile doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave defendant adequate warning that his conduct was a criminal offense" and that "the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree." McKinney, 79 F.3d at 108 (internal quotations omitted). Courts have emphasized that numerous other considerations can be taken into account in determining substantial similarity of substances, including the "effects on the human body". See Washam, 312 F.3d at 932; Brown, 279 F. Supp. 2d at 1243 ("[E]ffects on the human body under the second part of the statute may be considered when determining substantial similarity of chemical structure under the first part of the statute.").

Further, the Eighth Circuit held in Sullivan that one of the elements the government is required to prove at trial is that the defendant "knew he was in possession of a controlled substance analogue." Sullivan, 714 F.3d at 1107. Such a showing may rely, in part, on the defendant's conduct in dealing or addressing the substance with others. Sullivan, 714 F.3d at 1107 (holding that "[a] reasonable juror could find [the defendant] knew he was in possession of a controlled substance analogue" because "[w]hen [a police officer] asked [the defendant] whether the vehicle contained anything illegal, [the defendant] told him the vehicle contained bath powder").

Here, if defendant asserts at trial that he had no knowledge of the "substantially similar" quality of the substance, he will have the opportunity to present any evidence he has to convince

5

the jury that he did not know he was in possession of a controlled substance analogue. Sullivan, 714 F.3d at 1107.

Defendant also argues that when there is no agreement between prosecution and defense experts as to a substance being "substantially similar" the statute is vague. (Doc. 68 at 3.) In support of this proposition, the defendant argues "It cannot be and must not be the law of the land that a statute is only vague if the prosecution experts disagree." (Id.). The defendant's argument has been rejected by the Eighth Circuit in McKinney. In McKinney, the court framed the defendant's argument as follows:

> Mr. McKinney argues that the statute is unconstitutionally vague because there is a lack of scientific consensus that aminorex and phenethylamine are analogues . . . He urges that if experts disagree as to whether the chemical structure of one drug is substantially similar to a controlled substance, then the statute is unconstitutionally vague as to that drug.

McKinney, 79 F.3d at 108. The court then rejected the argument by explaining that, "a reasonable layperson could, for example, have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structure of two substances were substantially similar." Id. This holding has been reaffirmed by the Eighth Circuit and followed by numerous courts. See Washam, 312 F.3d at 931 ("We have held that all experts need not agree on whether two drugs' chemical structures are 'substantially similar' in order to affirm a conviction under the Analogue Statute."); United States v. Orchard, 332 F.3d 1133, 1137-38 (8th Cir. 2003); Bamberg, 478 F.3d at 938; see also Brown, 279 F. Supp.2d at 1241 (relying on McKinney and holding that "it is apparent to the court that the phrase 'substantially similar,' as contained in the Analogue Act, does not hinge on how a scientist would interpret the term, but how ordinary people use the language"); United States v. Granberry, 916 F.2d 1008, 1010 (5th Cir. 1990) (holding that there was "nothing vague about the statute" at issue here).

Here, the defendant's claim, that there is a possible lack of agreement or consensus on a methodology to determine substantial similarity, may be a basis to attempt to discredit an expert's opinion at trial. It does not, however, render the Analogue Act impermissibly vague. See Brown, 279 F. Supp. 2d at 1242 ("[D]iffering methodology in reaching a conclusion on substantial similarity does not render the statute vague, but may tip the scales one way or the other on the issue in the mind of the trier of fact depending on the relative strength of the analysis").

Defendant cites United States v. Forbes, 806 F.Supp 232 (D. Colo. 1992), to support his argument that the experts must agree and if they do not the statute is thus void for vagueness. However, Forbes has been rejected by the Eighth Circuit. See Washam, 312 F.3d at 932 ("experts need not agree for there to be a finding that a chemical is an analogue"); McKinney, 79 F.3d at 108 (rejecting that there must be scientific consensus to defeat a vagueness challenge and finding that the proper inquiry is whether "a reasonable layperson could . . . have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structure of two substances were substantially similar."); see also Brown, 279 F.Supp.2d at 1241; United States v. Fedida, 2013 WL 1831991, at *10 n. 6 ("The differing opinions of experts on the issue of substantial similarity does not, however, render the Analogue Act vague. Rather, such testimony should be presented to the trier of fact, who will decide the relative strengths and merits of the methodologies supporting the experts' opinions") (internal citation omitted).

Likewise, with respect to the argument regarding the "effects prong" of the analogue statute, differences in studies and expert testimony regarding whether a particular substance has a substantially similar effect on the human body is also a jury issue. Jurors can hear the testimony, give it such weight as they believe it should receive, and base their decision on the testimony they find more persuasive. The fact that the studies and experts may disagree on the effects of the particular substance on the human body goes to the weight of the evidence. It does not render the statute impermissibly vague. At trial, defendant may make a challenge to the sufficiency of the evidence after the government has been provided an opportunity to present its evidence regarding the substantial similarity of the alleged controlled substances and their alleged analogues. See United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (explaining that "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29" and that the Court "cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."); see also United States v. Sullivan, No. 4:11CR3034, 2011 WL 3957425 at *2 (D.Neb. Aug. 17, 2011) (Mag. R&R) adopted 2011 WL 3957271 (D. Neb. Sep. 7, 2011) affirmed Sullivan, 714 F.3d 1104 (holding that defendants motion to dismiss the Analogue Act claim could not be resolved by Court, because the sufficiency of evidence as to each element of the Analogue Act must be determined by a jury after a full trial); Klecker, 348 F.3d at 72

7

("Whether a particular substance qualifies as a controlled substance analogue is a question of fact."); Niemoeller, 2003 WL 1563863, at *6 (explaining that "[w]hether the government may ultimately meet its burden remains [for trial]"); Fedida, 2013 WL 1831991, at *2 (concluding that the defendant's challenges regarding the substantial similarity of the chemical structure of the alleged substances were "challenges to the sufficiency of the evidence, not the Indictment").

Here, the Court finds the compelling weight of authority persuasive, including the Eighth Circuit in McKinney and Washam, that the Analogue Act is not unconstitutionally vague in spite of the fact that defendant may claim he was not personally and specifically warned prior to the charges being filed in this case. Finally, defendant contends that Counts One, Two, Four, Six, Seven, Ten and Eleven of the Superseding Indictment should be dismissed because Congress impermissibly delegated authority to the Executive Branch by conferring authority on the DEA to temporarily schedule controlled substances in accordance with the provisions of Title 21, U.S.C., § 811(h). Defendant's claim is without merit as the United States Supreme Court has already considered and rejected the defendant's argument on this exact same issue. In Touby v. United States, 500 U.S. 160, 164-169 (1991). In Touby, the Supreme Court stated:

> We have long recognized that the nondelegation doctrine does not prevent Congress from seeking assistance, within proper limits, from its coordinate Branches. Thus, Congress does not violate the Constitution merely because it legislates in broad terms, leaving a certain degree of discretion to executive or judicial actors. So long as Congress "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform, such legislative action is not a forbidden delegation of legislative power."

Id. at 165 (citation omitted) (quoting J. W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928)). Consequently, defendant's contention is without merit and should be denied.

### D. Conclusion

Defendant's claims that the Analogue Act is unconstitutionally vague and that the Superseding Indictment should be dismissed because the statute constitutes an impermissible delegation of authority by Congress to the Executive Branch are without merit and should be denied.

IT I THEREFORE RECOMMENDED that the motion to dismiss Count One, Two, Four, Six, Seven, Ten and Eleven of the Superseding Indictment (doc. 68) filed by defendant Matthew Paul Browning be DENIED.

Counsel are reminded that they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 15th day of September, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge