## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:12-cr-03105-MDH-1** |
| | ) | |
| **MATTHEW PAUL BROWNING, and** | ) | |
| **KENT TICH TRAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendant Matthew Paul Browning's Motion to Dismiss Counts One, Two, Four, Six, Seven, Ten, and Eleven of the Superseding Indictment. (Doc. 68). Defendant argues these charges should be dismissed because they arise under a statute that is unconstitutionally vague. According to Defendant, the charges concerning a "controlled substance analogue" are impermissible because the definition of "controlled substance analogue" is statutorily unclear. The definition states, in part, that a "controlled substance analogue" is a substance "the chemical structure of which is *substantially similar* to the chemical structure of a controlled substance in schedule I or II[.]" 21 U.S.C. § 802(32)(A) (emphasis added). Defendant argues the phrase "substantially similar" fails to provide persons of ordinary intelligence with fair notice of the prohibited conduct and, therefore, the statutes involving "controlled substance analogues" violate the Due Process Clause.

In addition to his void for vagueness argument, Defendant argues the statute under which the above counts were brought is unconstitutional because it "impermissibly delegates the authority to enact penal statutes to the Executive Branch[.]" Defendant requested a hearing on

the constitutionality of the penal statutes involved and ultimately asks the Court to dismiss counts one, two, four, six, seven, ten, and eleven.

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, Defendant's motion was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b). The Magistrate Judge conducted a telephone conference with the parties on September 5, 2014. He thereafter completed a preliminary review of the motion and submitted a report and recommendation to the undersigned. (Doc. 76). Defendant filed exceptions to the Magistrate Judge's report and recommendation. (Doc. 80).

In his exceptions, Defendant argues that the charges should be dismissed because: (a) the indictment does not allege Defendant knew the relevant analogue substances (UR-144 and XLR-11) were illegal, (b) Defendant could not have known the relevant analogue substances were illegal because they "are not analogues of any controlled substance that was scheduled prior to May 26, 2013," (c) the term "substantially similar" is wholly subjective and does not articulate a definite standard, (d) a hearing is warranted on the issue of vagueness, (e) defense expert would testify that the act is so vague/overbroad that it could be applied to legal substances like coffee, and (f) the temporary scheduling of UR-144 and XLR-11 was an unconstitutional sub-delegation of Congressional power. After a de novo review, the court determines that the Magistrate Judge correctly relied on Eighth Circuit precedent in recommending denial of the motion.

## ANALYSIS

After a de novo review, the court determines that the Magistrate Judge correctly relied on Eighth Circuit precedent in recommending denial of the motion. Defendant's arguments are either meritless or inappropriate for court determination.

As to the merits, the Eighth Circuit has heard and rejected Defendant's argument that the phrase "substantially similar" renders the Analogue Act void for vagueness. *United States v. Washam*, 312 F.3d 926, 931-33 (8th Cir. 2002)[1]; *United States v. McKinney,* 79 F.3d 105, 107-08 (8th Cir. 1996)[2]. While those cases involved as-applied challenges, and "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand," *Washam*, 312 F.3d at 929, the reasoning in the above-cited cases applies equally to the facts of this case. *See also United States v. Bamberg*, 478 F.3d 934, 938 (8th Cir. 2007); *United States v. Orchard*, 332 F.3d 1133, 1138 (8th Cir. 2003); *United States v. Franklin*, Case No. 12-03085-01, 2014 WL 1953077 (W.D. Mo. May 15, 2014). Defendant failed to present sufficient argument and distinction to conquer the "uphill battle in arguing the analog provision is void for vagueness." *United States v. Long*, Case No. CR 13-30028-RAL, 2014 WL 1661497 (D.S.D. Apr. 25, 2014), citing *United States v. Turcotte*, 405 F.3d 515, 531-32 (7th Cir. 2005) (collecting cases).[3]

---

[1] "The term 'substantially similar,' as used in the statute, does not mean 'exactly the same.' There obviously will be differences in chemical structures between an 'analogue' chemical and a schedule I or II chemical. If two chemicals' structures are exactly the same, the chemical in question would no longer be an 'analogue,' but instead it would be the same chemical as the listed chemical. Thus, some level of difference is acceptable between an analogue's chemical structure and a proscribed chemical's structure. . . . The statute does not allow for arbitrary enforcement because the statute itself requires a two-step inquiry before law enforcement may extend its application to a new chemical." *Id.* at 930-32.

[2] "Because manufacturers of illegal drugs have become adept at tinkering with the molecular structure of controlled substances while retaining the effects that those substances produce, the analogue statute is aimed at prohibiting innovative drugs before they are specifically listed in the schedules as controlled substances. Under that statute, a drug becomes a controlled substance if it has a chemical structure substantially similar to that of a controlled substance, and either has a substantially similar effect on the user's central nervous system, or a relevant someone represents that it has or intends it to have such an effect. . . . We concede that the statute is somewhat elastic, because it is intended to capture within its scope drugs that are not specifically listed and even some that perhaps have not been discovered yet. But we find that application of the statute to aminorex and phenethylamine is not unconstitutionally vague, because, "[w]hile doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave [defendant] adequate warning that [his conduct] was a criminal offense." *Id.*

[3] The Court notes that this result does not mean the subject substances are, in fact, controlled-substance analogues. *See, e.g., United States v. Berger*, 553 F.3d 1107, 1110 (8th Cir. 2009) ("Therefore, while the chemical structure of BDO is substantially similar to that of GHB, the chemical structure of GVL is not. Further, BDO actually metabolizes into GHB in the human body, but GVL does not. On this record, GVL is not a controlled-substance analogue of GHB under 21 U.S.C. § 802. Therefore, the statute is not unconstitutionally vague.").

Moreover, the Eighth Circuit has clearly decided that disagreements among scientists concerning whether a substance is "substantially similar" does not render the statute impermissibly vague; instead, a reasonable lay person can examine a chemical chart, compare chemical diagrams, and intelligently determine whether the structures of two substances are substantially similar. *Washam*, 312 F.3d at 932 ("We have already stated that experts need not agree for there to be a finding that a chemical is an analogue to GHB."); *McKinney*, 79 F.3d at 108 (finding that, even despite expert disagreement, chemical charts "would have put a reasonable person on notice that the substances in question were substantially similar within the meaning of the statute."). Furthermore, the "CSAEA does not . . . require the DEA to classify a substance as a controlled substance analogue before the substance falls under its purview." *United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013).

This brings the Court to its second basis for denying Defendant's motion: certain of Defendant's arguments are better left to trial and potentially the jury. For example, whether the government met its burden to show that (1) the substances charged in the indictment are controlled substance analogues, and (2) Defendant knew the substances at issue were controlled substance analogues,[4] are issues of fact for the jury. *See id.* at 1107; *United States v. Bamberg*, 478 F.3d 934, 938 (8th Cir. 2007); *United States v. Long*, Case No. CR 13-30028-RAL, 2014 WL 1661497, at *4-5 (D.S.D. Apr. 25, 2014). As this Court recently summarized:

> The Eighth Circuit, when given the opportunity to rule on the constitutionality of the analogue statute, has not thus far found it unreasonably vague. That does not mean that the manner in which the statute is being applied to the instant defendants might not ultimately found to be so. However, we believe the issues raised in the various defendants' motions to dismiss can be appropriately addressed through evidentiary rulings at trial and carefully crafted jury instructions.

---

[4] To the extent that Defendant argues the indictment does not allege Defendant(s) knew the relevant analogue substances were illegal, Defendant is incorrect. The Superseding Indictment (Doc. 45) clearly states Defendant "knowingly and intentionally" committed the crimes charged. The proof of such knowledge may be shown by defendant's conduct in dealing or addressing the substance with others. *United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013).

4

*United States v. Franklin*, Case No. 12-03085-01, 2014 WL 1953077 (W.D. Mo. May 15, 2014).

Finally, the Court agrees with the Magistrate's conclusion that Defendant's non-delegation claim is without merit. *See generally Mistretta v. United States.*, 488 U.S. 361 (1989); *see also United States v. Washam*, 312 F.3d 926, 932 (8th Cir. 2002) ("the statute is narrowly drawn to proscribe only those chemicals which are dangerous and intended to be used in an illegal manner.").

## DECISION

After de novo review, the Court agrees with the report and recommendation issued by the United States Magistrate Judge, and in accordance with such:

**IT IS HEREBY ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. 76) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant's objections (Doc. 80) to the report and recommendation are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts One, Two, Four, Six, Seven, Ten, and Eleven of the Superseding Indictment (Doc. 68) is **DENIED**.


**IT IS SO ORDERED:**

Date: October 7, 2014

_____*/s/ Douglas Harpool*_____
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE